# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HASTINGS VILLAGE INVESTMENT COMPANY, L.P. AND DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LLOYD MOSLEY



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

RECEIVED
AUG 2 6 2020
BY: Lourdes Torres

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Glendale Courthouse
600 East Broadway, Glendale, CA 91206

**CASE NUMBER**
*(Número del Caso):*
20GDCV00633

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dayton Magallanes (SBN 240231);10366 Wilshire Blvd., Suite 303, Los Angeles, CA 90024; (310) 779-2348

DATE: 08/03/2020        Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, Deputy
*(Fecha)*                *(Secretario)* M. Wong                                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Hastings Village Investment Company, L.P.
   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 8-26-20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

Electronically FILED by Superior Court of California, County of Los Angeles on 08/03/2020 02:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Wong, Deputy Clerk

Dayton Magallanes (Bar No. 240231)
LAW OFFICES OF DAYTON MAGALLANES
10366 Wilshire Blvd. Suite 303
Los Angeles, CA 90024
Telephone: 310-779-2348
Email: daytonmagallanes@yahoo.com

Attorney for Plaintiff,
Lloyd Mosley

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, GLENDALE COURTHOUSE

## UNLIMITED JURISDICTION

| | |
|---|---|
| LLOYD MOSLEY, <br><br> Plaintiff, <br><br> v. <br><br> HASTINGS VILLAGE INVESTMENT COMPANY, L.P. AND DOES 1-20, <br><br> Defendants. | Case No. 20GDCV00633 <br><br> VERIFIED COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF |

### FIRST CAUSE OF ACTION BY PLAINTIFF AGAINST ALL DEFENDANTS FOR

### VIOLATION OF CIVIL CODE SECTION 51

1. Plaintiff Lloyd Mosley complains of Defendants Hastings Village Investment Company, L.P.; and Does 1-20 ("Defendants"), sued pursuant to Code of Civil Procedure section 474, as follows:

2. At all times mentioned herein, DOES 1-10 have been the operators of a sporting goods store at 3359 E. Foothill Blvd., Pasadena, CA 91107 as well as lessees of the building at said address.

1

3. At all times mentioned herein, HASTINGS VILLAGE INVESTMENT COMPANY, L.P. and DOES 11-20 have been the owners and lessors of the building at said address.

4. Plaintiff is a California resident with physical disabilities. He is a quadriplegic and cannot walk. He uses a wheelchair for mobility wherever he goes.

5. Plaintiff is informed and believes that each of the Defendants herein, including Does 1-20, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff may seek leave to amend if and when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 20, inclusive, are ascertained.

6. On or about February 28, 2020, the Plaintiff went to the sporting goods store.

7. The sporting goods store is a facility open to the public, a place of public accommodation, and a business establishment.

8. While patronizing said public accommodation, said Plaintiff personally encountered an architectural barrier within the facility in the form of narrow merchandise aisles. Plaintiff wanted but was unable to maneuver several of the store's merchandise displays because they failed to offer accessible routes and adequate maneuvering space for his wheelchair to travel, thereby preventing Plaintiff from his intended use of the public accommodation.

9. On or about February 28, 2020, the Plaintiff personally encountered this problem.

10. Plaintiff intended to use the public accommodation because he was shopping, just as any ambulatory patron would, but the architectural barrier actually denied him full and equal access for Plaintiff's particular disabilities, causing him difficulty, discomfort, and embarrassment in the process.

11. Plaintiff was in the geographic area of the Defendant's public accommodation because he was visiting a friend nearby.

12. Plaintiff would like to return and patronize the sporting goods store but will be deterred from visiting until the Defendants correct the violations. This deterrent is because of his knowledge of the illegal barriers that exist.

13. Defendants fail and continue to fail to maintain in working and usable conditions the facilities, privileges, and advantages required to provide equal access to persons with disabilities.

14. The violation listed above is easily removable without much difficulty or expense. It is the type of barrier identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove without much difficulty or expense. Furthermore, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not readily achievable.

15. Please be advised that the Plaintiff seeks to have all barriers related to his disability remedied. See *Doran v 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Given the obvious and blatant violation, Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection.

3
Verified Complaint

16. The foregoing constitutes a violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(b)(2)(A)(iv) and 28 C.F.R. § 36.304(h).

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. Because the Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ Code § 51(f), 52(a).)

18. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, or embarrassment for the Plaintiff, the Defendants are each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

19. Discrimination is defined as a failure to remove architectural barriers where such removal is readily achievable. U.S.C. § 12182(b)(2)(A)(iv).

20. The foregoing constitutes a violation of 42 U.S.C. § 12182(b)(2)(A)(iv), 28 C.F.R. § 36.304(b)(18).

21. In this instance, the lack of an accessible path of travel through the store is a violation of the law.

22. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by individuals with disabilities.

23. The failure by Defendant to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of the law.

24. Given its location and options, Plaintiff will continue to desire to return to the sporting goods store but he has been and will continue to personally encounter discrimination due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

# SECOND CAUSE OF ACTION BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL CODE SECTION 54 AND 54.1

25. Each of the foregoing paragraphs is incorporated herein by reference.

## PRAYER

Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney's fees, litigation expenses and costs of suit, pursuant to Cal. Civ. Code § 52.

Dated: 7/30/2020

LAW OFFICES OF DAYTON MAGALLANES

By: _____
Dayton Magallanes
Attorney for Plaintiff,
Lloyd Mosley

5
Verified Complaint

1  I declare under penalty of perjury under the laws of California that the foregoing is true
2  and correct.
3  Dated: 7/30/2020                          *L.G.*
4                                      _____
                                              Lloyd Mosley

| | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|---|
| COURTHOUSE ADDRESS:<br>Glendale Courthouse<br>600 East Broadway, Glendale, CA 91206 | | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/03/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By:   M. Wong   Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | | |
| Your case is assigned for all purposes to the judicial officer indicated below. | | CASE NUMBER<br>20GDCV00633 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Ralph C. Hofer | D | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 08/03/2020                                                  By M. Wong                              , Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)         **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

## Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

## *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



# Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.
    
    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

> **How to arrange mediation in Los Angeles County**
>
> Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:
>
> **a. The Civil Mediation Vendor Resource List**
>
> Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).
>
> - JAMS, Inc.: Case Manager (213) 253-9776  mdawson@jamsadr.com
> - Mediation Center of Los Angeles: Case Manager: (833) 476-9145  info@mediationLA.org
>
> These organizations cannot accept every case and they may decline cases at their discretion.
> Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
> NOTE: This service is not available for family law, probate or small claims.
>
> **b. Los Angeles County Dispute Resolution Programs**
> https://wdacs.lacounty.gov/programs/drp/
> - Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
> - Free or low-cost mediations before the day of trial for these and other case types.
> - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
> http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf
>
> **c. Mediators and ADR and Bar organizations** that provide mediation may be found on the Internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC2